### In re HOWLAND'S WILL.

(Supreme Court, Appellate Division, Third Department. Sept. 3, 1902.)

1. WILLS — CONSTRUCTION — PERSONAL PROPERTY — ALIENATION BEYOND TWO LIVES IN BEING.

Testator bequeathed his personal property to his two sons, to be held in trust for their children until such children should attain the age of 21 years, severally. In case any one of them should die before becoming 21 years old, then the whole was to go to the child or children who should attain that age. At the time the will was executed, and at the time of testator's death, one son had three minor children living, and the other none. Held, that the bequest was invalid, under Laws 1897, c. 417, § 2, which provided that the absolute ownership of personal property shall not be suspended beyond two lives in being at the death of the testator.

Appeal from surrogate's court, Washington county.

Proceeding to probate the will of Amasa Howland, deceased. From a decree declaring the will valid (74 N. Y. Supp. 950), J. Edward Howland and another appeal. Reversed.

The will of Amasa Howland, after the direction for the payment of debts, gives several legacies, and in the fifth paragraph assumes to dispose of all the rest and residue of his estate. The material part of that provision is as follows: "Fifth. All the rest, residue, and remainder of the property and estate, real and personal, of every description, and wheresoever situated, of which I may be seised or possessed, or to which I may be entitled at the time of my decease, I give, devise, and. bequeath to my sons, J. Edward Howland and Frederick D. Howland, and Grenville M. Ingalsbee and John E. Parry, in trust, however, for the uses and for the purposes hereinafter named, to hold, manage, and control the same, and receive and invest the dividends, increase, rents, and profits thereof or therefrom, from time to time, and the proceeds, or any part of the same, that may be sold or disposed of, and keep the same invested for the use and benefit of my grandchildren, the children of my sons, J. Edward Howland and Frederick D.

Howland, during the time and until said children shall attain the age of twenty-one years, severally. The whole amount of said property so bequeathed in trust, with the increase and accumulations, less all taxes, expenses, and commissions properly chargeable thereto, to be equally divided between and paid over to said children, share and share alike, as said children severally become twenty-one years of age, absolutely for their own property. But if either said children (grandchildren of mine) shall die before becoming twenty-one years of age, then the whole of said residuary estate to go to and belong to the child or children of my said sons who shall attain the age of twenty-one years." Amasa Howland at his death left two sons, J. Edward Howland, 40 years of age, and Frederick D. Howland, aged 36, both of whom were married. At the time of the execution of the will and at the time of the testator's death, his son F. D. Howland had three children, aged, respectively, nine, four, and three at the date of the testator's death. J. E. Howland had no children living at the time of the execution of the will or at the time of the death of his father. The will is dated 30th March, 1899, and Amasa Howland died July 16, 1901. The will was offered for probate by the three executors, exclusive of J. Edward Howland, who filed an answer setting forth the invalidity of the fifth paragraph of the will, as far as it assumed to dispose of personal property. The surrogate determined the will to be valid, and from the decree entered upon that decision this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Potter, Kellogg & King, for appellant J. Edward Howland.

Edgar Hull, for appellant Fred D. Howland.

Edgar T. Brackett and A. D. Wait, for respondents Ingalsbee and Parry.

L. H. Northup, special guardian, for respondents Amasa W. Howland and others.

SMITH, J. By section 2 of the personal property law (chapter 417, Law 1897) it is provided:

"The absolute ownership of personal property shall not be suspended by any limitation or condition, for a longer period than during the continuance and until the determination of not more than two lives in being at the date of the instrument containing such limitation or condition; or, if such instrument be a will, for not more than two lives in being at the death of the testator; in other respects limitations of future or contingent interests in personal property are subject to the rules prescribed in relation to future estates in real property."

The will in question is sui generis. No case is cited where the intent of the testator is sought to be expressed in similar language. The language here used, however, is clear, and the intent which must control this decision seems unmistakable. There is grave doubt in my mind whether this provision be not intended for grandchildren born after the testator's death. The will assumes to provide for the children of J. Edward Howland, who had no children living either at the time of the making of the will or at the death of the testator. But grant, for the argument, that only those grandchildren living at the death of the testator are the intended beneficiaries. There were three grandchildren then living. By the terms of the will, no absolute ownership in any part of that property is given to any grandchild until that grandchild reaches the age of 21 years. Even though the living grandchildren take a vested estate at the death of the testator, it is

concededly liable to be devested. The term "absolute ownership" hardly needs definition. An ownership liable to be devested by any contingency arising under the instrument creating the ownership is not absolute. Any two of those grandchildren might die, and still the ownership of the property be undetermined. Giving to the will the most favorable construction possible, and assuming the bequests to be several, upon the death of any one, the share that was to be his if he reached 21 years of age goes to the survivors only on condition that they reach the age of 21. Here lies the distinction between this case and the case of Everitt v. Everitt, 29 N. Y. 39. In that case it was held that, under the language used, upon the death of the beneficiary, his share passed absolutely to the survivors, and upon that construction only was the will upheld. The provisions of this will giving the share of a grandchild who should die before reaching 21 to those survivors only who reach that age would seem to preclude the construction which alone saved the will in the case cited, and to bring this will within the condemnation of the reasoning of the learned judge in that case. It is hardly necessary to call attention to the difference between the rule governing real property and that governing personal property. The right to suspend the power of alienation of real property may continue through two lives and a minority. The absolute ownership of personal property can be suspended only for two lives. The rules of law governing the construction of wills are not questioned by counsel; the sole contention is over the interpretation of the language used. The language, to my mind, expresses a clear intent, in the execution of which the absolute ownership of personal property may be suspended beyond two lives. This the statute forbids. The decree, therefore, must be reversed, and this provision of the will, in so far as it assumes to dispose of personal property, should be declared invalid.

Decree of the surrogate, so far as appealed from, reversed, with costs to appellant from the estate, and the fifth provision of the will declared invalid. Order to be settled by Smith, J. All concur.